IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **April J. McKenzie-Hall,** | Case No. 1:22cv00024 |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **Kamala Harris, et al,** | **ORDER OF DISMISSAL** |
| **Defendants.** | |

On January 6, 2022, *pro se* plaintiff filed this action against President Joe Biden and Vice President Kamala Harris. (Doc. No. 1). When she filed the complaint, McKenzie-Hall failed to pay the filing fee or submit an application to proceed *in forma pauperis*.

On February 8, 2022, the Court ordered McKenzie-Hall to pay the filing fee of $402 or file a proper application within 30 days of the Order ("Deficiency Order"). (Doc. No. 3). The Deficiency Order expressly cautioned McKenzie-Hall that the case may be dismissed if she fails to comply with the Deficiency Order. (*Id.*).

*Pro se* pleadings are held to less stringent standards than pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The latitude afforded *pro se* litigants, however, does not extend to compliance with readily understood orders and deadlines. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (Rule 41(b) dismissal is appropriate when a *pro se* plaintiff fails to comply with readily comprehended court deadlines); *see also Needham v. Butler Cty. Jail*, No. 1:19-CV-294, 2019 U.S. Dist. LEXIS 195858, 2019 WL 5899326, at *4 (S.D. Ohio Nov. 12, 2019) (warning plaintiff that his *pro se* status and professed health conditions do not relieve him of his obligation to fully comply with court orders and rules

of civil procedure), report and recommendation adopted, No. 1:19CV294, 2019 U.S. Dist. LEXIS 210444, 2019 WL 6682155 (S.D. Ohio Dec. 6, 2019).

Therefore, where a *pro se* plaintiff fails to comply with a district court's deficiency order, his or her case is subject to dismissal without prejudice for want of prosecution. *Erby v. Kula*, 113 F. App'x 74, 76 (6th Cir. 2004) (finding dismissal of a § 1983 action for failure to comply with the court's deficiency order was not an abuse of discretion where the order identified the required documentation to proceed *in forma pauperis* and warned that failure to comply with the order may result in dismissal); *Davis v. United States*, 73 F. App'x 804, 805 (6th Cir. 2003) (affirming the dismissal of prisoner civil action for want of prosecution for failure to comply with deficiency order notifying plaintiff of the required documents and granting him 30 days to comply); *Gravitt v. Tyszkiewicz*, 14 F.App'x 348, 349 (6th Cir.2001) (affirming the district court's dismissal of a habeas corpus petition without prejudice for want of prosecution because the petitioner failed to comply with the deficiency order).

Here, the Court notified McKenzie-Hall of the filing fee deficiency, provided specific instructions to cure the deficiency, attached a blank Application to proceed *in forma pauperis*, granted McKenzie-Hall 30 days to correct the deficiency, and warned that failure to comply may result in dismissal of this action without further notice. A copy of the Deficiency Order was mailed to McKenzie-Hall at her address of record, and there is no indication on the docket that the mailing was returned as undeliverable. To date, McKenzie-Hall has not addressed the filing fee deficiency, sought an extension of time to do so, or provided the Court with any explanation as to why she could not comply.

Accordingly, this case is dismissed without prejudice for want of prosecution. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: March 11, 2022

s/*Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE